Sandra NARIN, Plaintiff,

v.

**LOWER MERION SCHOOL DISTRICT, Defendant.**

**No. CIV. A. 97–6376.**

United States District Court,
E.D. Pennsylvania.

Nov. 5, 1998.

Stephen B. Narin, Schachtel, Gerstley, Levine, and Koplin, Philadelphia, PA, for Plaintiff.

Kenneth S. Roos, Wisler, Pearlstine, Talone, Craig, Garrity & Potash, LLP, Blue Bell, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is Defendant, Lower Merion School District's (the "District" or "Defendant"), Motion for Summary Judgment on all counts of Plaintiff's complaint. Also before the Court is Defendant's Motion for Partial Summary Judgment based on the Statute of Limitations for counts I through V of Plaintiff's complaint. Plaintiff, Sandra Narin ("Narin" or "Plaintiff"), filed a twelve count complaint alleging that Defendant's failure to hire her for various teaching positions constituted age discrimination under the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. §§ 621, *et seq.* For the following reasons, Defendant's Motion for Summary Judgment on all counts of Plaintiff's complaint is granted as to counts II, III, IV, VII, VIII, IX, X, XI, and XII and denied as to counts I, V, and VI. Defendant's Motion for Partial Summary Judgment based on the Statute of Limitations is granted as to count V and denied as to the remainder of the counts.

## BACKGROUND

Plaintiff, Narin, became certified to teach French and Russian in May of 1994 and English in September of 1996. Narin student taught in the District at Harriton High School ("Harriton") in the Spring of 1994. Subsequently, the District hired Narin for the 1994–95 school year as a part-time long

term substitute [1] to teach French at Harriton. On April 11, 1995, Narin was notified that this temporary position was eliminated for the following year. Narin continued working with the District as a *per diem* substitute from September 1995 through June 1997.

While Narin was substitute teaching, she continued to apply for any relevant teaching position that became available in the District. Plaintiff applied for a variety of positions ranging from French positions at the elementary and middle school levels to English positions at the high school level. In all, Narin applied for approximately ten (10) teaching positions. Narin was interviewed for some of the positions she applied for, but she was not hired for any of them. Narin alleges that the District did not hire her for these positions due to age discrimination. Narin was 54 when she first began working at the District and was 56 when she filed the present suit.[2]

Narin filed a complaint alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on June 10, 1997 and filed this action on October 14, 1997.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester*, 891

F.2d 458, 460 (3d Cir.1989)(citing *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990)(*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### II. *Method of Proof in Employment Discrimination Cases*

Plaintiff's employment discrimination claim is governed by the burden shifting framework first established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and clarified in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). This framework has three steps: (1) plaintiff must first establish a *prima facie* case of discrimination; (2) the burden then shifts to defendant, who must offer a legitimate, non-discriminatory reason for the action; and (3) plaintiff may then "demonstrate that the employer's stated reason was not its true reason, but merely a pretext for discrimination." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 330 (3d Cir. 1995).

To establish a *prima facie* case of age discrimination under the ADEA for failure to

---

1. Long term substitutes are used by the District to fill extended temporary vacancies created, for example, by sabbaticals, sick leaves, or childbearing/maternity leaves and for other purposes such as student overflow.

2. Narin was born on April 2, 1941.

hire, a plaintiff must establish: (1) that she is over the age of forty (40); (2) that she applied for and was qualified for the job; (3) that despite her qualifications she was rejected; and (4) that the employer either ultimately filled the position with someone sufficiently younger to permit an inference of discrimination or continued to seek applicants from among those having plaintiff's qualifications. *See Brewer*, 72 F.3d at 330 (internal citations omitted); *see also E.E.O.C. v. Metal Service Co.*, 892 F.2d 341, 348 (3d Cir.1990)(to establish *prima facie* case plaintiff must show that he "made every reasonable attempt to convey his interest in the job"); *see generally In Re Carnegie Center Associates*, 129 F.3d 290, 298 (3d Cir.1997)(plaintiff must express interest in position to make out *prima facie* case of discrimination).

■ In *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (1996), the Third Circuit, sitting *en banc*, clarified the evidence required to submit pretext claims to a jury. The court reaffirmed its prior holdings that when the defendant answers the plaintiff's *prima facie* case with legitimate, non-discriminatory reasons for its action, the plaintiff may defeat summary judgment by "point[ing] to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 1067 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)); *see also Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir.1997)(*en banc*); *Lawrence v. National Westminster Bank of New Jersey*, 98 F.3d 61, 66 (3d Cir.1996); *Brewer*, 72 F.3d at 331. A plaintiff must present evidence that demonstrates "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions" in defendant's proffered legitimate, non-discriminatory reason such

that a reasonable jury could conclude that the proffered reason is not "worthy of credence." *Keller*, 130 F.3d at 1108 (*en banc*)(quoting *Fuentes*, 32 F.3d at 764).

■ The district court's role is to "determine whether the plaintiff has cast sufficient doubt upon the employer's proffered reasons to permit a reasonable fact finder to conclude that the reasons are incredible." *Sheridan*, 100 F.3d at 1072. In doing so, we must not usurp the jury's "traditional function of assessing the weight of the evidence, the credibility of the witnesses through observation of both direct testimony and cross-examination at trial, and the strength of the inferences that can be drawn from the elements of the *prima facie* case and the evidence that undermines the employer's proffered reasons for its actions." *Id.*

### III. Application of Standard to Plaintiff's Claims

In each count of Plaintiff's complaint she alleges a different, specific position for which she was not hired due to age discrimination. Thus, we will analyze Plaintiff's claims count by count, combining them where appropriate.

### A. Counts II and IV

■ In count II Plaintiff claims that the District failed to hire her for a teaching position in a gifted program due to age discrimination, and in count IV Plaintiff claims that the District failed to hire her as a teacher in an alternative setting due to age discrimination. Plaintiff does not allege who was hired to fill these positions.[3] The District maintains that there were no available positions that correspond to these alleged positions.

Regarding count II, Plaintiff was unsure in deposition about what position she had actually applied for and admits that "there may have been a mix-up." *See* (Narin Dep. at 152–53). Regarding count IV, Plaintiff alleges that she applied for these positions in response to a newspaper advertisement.[4]

---

**3.** Plaintiff testified that she thinks "Domenick somebody" was hired for the teacher in an alternative setting position. *See* (Narin Dep. at 149). However, Plaintiff has not provided the Court with any evidence of who this person is, what he

or she was hired for, or whether he or she was hired for the position Plaintiff now identifies.

**4.** In a sur-reply to Defendant's Motion for Partial Summary Judgment on the Statute of Limita-

However, Plaintiff has not presented any evidence to demonstrate that these positions were available and/or were filled by someone sufficiently younger to permit an inference of age discrimination. Consequently, Plaintiff cannot establish a *prima facie* case of age discrimination for counts II and IV. Therefore, we will grant summary judgment as to these counts. *See Brewer*, 72 F.3d at 330.

### B. Count III

■ In count III Plaintiff claims that the District failed to hire her in the Spring of 1996 for a Challenge (Gifted) teaching position at Cynwyd Elementary School due to age discrimination. Narin was not selected to be interviewed for this position. The District hired Jill Horak ("Horak"), who was 43 years old at the time of hire, for the position. The District gives as its legitimate, non-discriminatory reason for not interviewing Plaintiff and for hiring Horak that the District wanted someone with elementary level experience for the position.

Plaintiff does not present any evidence to rebut this assertion. Plaintiff does not, for example, provide any evidence to demonstrate that Horak did not have the elementary school experience that the District says its desired. In fact, Plaintiff's only response to the District's stated reason is that she, too, was certified to teach elementary school.[5] Plaintiff has not met her burden to "demonstrate that the employer's stated reason was not its true reason, but merely a pretext for discrimination." *Brewer*, 72 F.3d at 330. Therefore, summary judgment is granted as to count III.

### C. Count VII

■ In count VII Plaintiff claims that the District failed to hire her for a part-time long term substitute English position at Bala Cynwyd Middle School due to age discrimination. Narin applied for this position on December 20, 1996. Andrew Thomas ("Thomas"), who was 24 years old, was hired to fill this posi-

tion. The District gives as its legitimate, non-discriminatory reason for hiring Thomas that he was hired prior to Narin applying for or expressing an interest in the position and that he came with outstanding recommendations.

Narin, once again, does not point to any evidence to rebut this assertion; she does not even address Defendant's stated non-discriminatory reason in her responses to Defendant's motion for summary judgment. Therefore, summary judgment is granted as to count VII.

### D. Count VIII

■ In count VIII Plaintiff claims that in the spring of 1997, the District failed to hire her for an emergency long term substitute English position at Lower Merion High School due to age discrimination. The District hired Deborah Gavin ("Gavin"), who was 27 years old at the time, to fill the position.

As its legitimate, non-discriminatory reason for hiring Gavin, the District offers that Gavin performed better in her interview and that the interviewers were generally unimpressed with Narin. *See* (Def.'s Mem. at 9–11 and Exhibits cited therein and attached thereto).

Narin has not produced any evidence to rebut this assertion. Therefore, summary judgment is granted as to count VIII.

### E. Count IX

■ In count IX Plaintiff claims that in the summer of 1997, the District failed to hire her for an English position at Lower Merion High School due to age discrimination. The District's first choice for this position was Marsha Pincus ("Pincus"), who was 45 years old at the time. However, Pincus withdrew her name from consideration after she was selected as the top candidate. Subsequently, the District hired Deborah Gavin ("Gavin"), who was approximately 27 years old at the time. The District submits as its

---

tions, Plaintiff provided the Court with a copy of the advertisement to which she responded.

5. The District does not dispute that Plaintiff was certified through her language certificate to teach elementary school, but instead states that

she did not have experience teaching elementary school and that she did not have an elementary education certificate. *See* (Def.'s Resp. Mem. at 3–4).

legitimate, non-discriminatory reason for hiring Gavin over Narin, that Gavin performed better in the interview and that the principal had been favorably impressed with Gavin during her prior position as a long term substitute.

Again, Plaintiff has not offered any evidence to rebut this legitimate, non-discriminatory reason. In fact, once again, Plaintiff does not even address this stated reason in any of her responses to Defendant's motion for summary judgment. Therefore, summary judgment will be granted as to count IX.

### F. Count X

■ In count X Plaintiff claims that in the summer of 1997, the District failed to hire her for an English position at Harriton due to age discrimination. Plaintiff was 56 years old at the time she applied for the position. The District's first choice for that position was Rayna Goldfarb ("Goldfarb") who was 51 years old at the time. Goldfarb withdrew her name from consideration, so the District chose Rita Lerario ("Lerario"), who was 49 years old at the time. Given the closeness of the ages of Plaintiff and Lerario (not to mention Goldfarb), it is questionable whether Plaintiff has alleged that the District hired someone sufficiently younger to permit an inference of age discrimination. *See Brewer,* 72 F.3d at 330 (internal citations omitted); *see also Barber v. CSX Distribution Services,* 68 F.3d 694, 699 (3d Cir.1995); *Falkenstein v. Neshaminy School District,* No. CIV.A.96-5807, 1997 WL 416271, * 5 (E.D.Pa. July 14, 1997). However, assuming *arguendo* that Plaintiff states a *prima facie* case, she again has not presented any evidence to call into question or cast any doubt on Defendant's stated legitimate, non-discriminatory reason for hiring Lerario.

The District has provided as the legitimate, non-discriminatory reason for hiring Lerario over Narin that Narin was not ranked highly by the interviewers. A committee, consisting of the new principal at Harriton, Joel DiBartolomeo; the District Gifted Education Supervisor, Ceil Frey; the Assistant Principal, William Loue; and the Student Council President, Benjamin Getto, interviewed all five of the applicants for this teaching position. The committee unanimously recommended Goldfarb for the position. When Goldfarb declined, the committee unanimously recommended Lerario. Narin's interview for the position did not go well, and she was ranked fourth of the five applicants for this position, including Goldfarb. *See* (Def.'s Motion for Summary Judgment at Ex. Z).

Narin has not offered any evidence "direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Sheridan,* 100 F.3d at 1067 (quoting *Fuentes,* 32 F.3d at 764. Therefore, summary judgment is granted as to count X.

### G. Count XI

■ In count XI, Plaintiff alleges that the District's failure to hire her for a Challenge Teacher position at Welsh Valley Middle School in June of 1997 was due to age discrimination. Narin was 56 years old when she applied for the position. The person who filled that position was Frank Panaia ("Panaia"), who was 54 years old. Once again, it is questionable whether Plaintiff states a *prima facie* case for this position given the close proximity of the ages (56 and 54). *See Brewer,* 72 F.3d at 330 (internal citations omitted); *see also Barber,* 68 F.3d at 699; *Falkenstein,* 1997 WL 416271 at * 5.

However, assuming *arguendo* that Plaintiff has stated a *prima facie* case, Plaintiff has not presented any evidence to rebut the District's legitimate, non-discriminatory reason for hiring Panaia. Panaia was already a teacher in the school when this position was announced. He requested that he be transferred to this position. The District stated that they generally try to accommodate transfer requests such as this and thus did not consider any other candidates, including Plaintiff, for the position. Plaintiff has not presented any evidence at all to rebut this assertion. Therefore, Plaintiff has not met her burden as to count XI and we will grant summary judgment.

### H. Count XII

In count XII of the complaint Plaintiff alleges that she was not notified of the instructional aide positions that were available in the District due to age discrimination. However, Plaintiff has not sufficiently stated a claim for age discrimination for these instructional aide positions because she can not show that she applied for or even expressed an interest in these positions. *See In Re Carnegie Center Associates,* 129 F.3d at 298 (plaintiff did not establish a *prima facie* case of discrimination for positions she did not apply for or express interest in). The Third Circuit has determined that failure of a plaintiff to go through a formal application process will not preclude a plaintiff from establishing a *prima facie* case, as long as the plaintiff made every reasonable attempt to convey her interest in the job to the employer. *See Metal Service,* 892 F.2d at 348.

Plaintiff argues that she informed the District that she was going to apply for every available teaching position and that, therefore, she sufficiently expressed an interest in these instructional aide positions. However, the District has produced evidence to demonstrate that these instructional aide positions were posted and that Plaintiff had actual knowledge of these positions because she formally applied for another teaching job that was listed in the same posting as the instructional aide positions. Therefore, as Plaintiff has not demonstrated that she made every reasonable effort to make her interest in these instructional aide positions known, summary judgment is granted as to count XII. *Id.*

### I. Counts I, V, and VI

Counts I, V, and VI allege age discrimination through Defendant's failure to hire Plaintiff for 1) a French teaching position at the Cynwyd Elementary School; 2) an English teaching position at Harriton; and 3) a part-time long term substitute French position at Bala Cynwyd Middle School. Defendant has offered as the legitimate, non-discriminatory reasons for not hiring Plaintiff

for these positions, respectively, that she 1) does not have public elementary education experience; 2) that the other candidate scored higher in interviews; and 3) that Plaintiff did not have middle school experience.

However, for counts I, V,[6] and VI, Plaintiff has demonstrated some evidence, "from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Sheridan,* 100 F.3d at 1067 (quoting *Fuentes,* 32 F.3d at 764). Therefore, summary judgment is denied at to these counts.

### IV. Statute of Limitations

Plaintiff filed a complaint with the EEOC and the PHRC on June 10, 1997. Defendant argues that Plaintiff should not be allowed to bring claims for any employment decision made prior to August 14, 1996, which is 300 days from Plaintiff's filing with the EEOC and PHRC. Defendant argues that this limitations period bars counts I through V of Plaintiff's complaint. Because we have already granted summary judgment as to counts II, III, and IV, we will only consider Defendant's argument as it relates to counts I and V.

In response to Defendant's motion, Plaintiff argues that each instance of discrimination alleged in her Complaint constitutes a continuing violation and that the doctrine of equitable estoppel applies.

"[T]he ordinary time for filing a charge of employment discrimination with the EEOC is 300 days after the alleged discrimination when the charge is filed first, as here, with the appropriate Pennsylvania state agency." *Rush v. Scott Specialty Gases, Inc.,* 113 F.3d 476, 480 (3d Cir.1997)(citing 42 U.S.C. § 2000e–5(e)(1)). Plaintiff filed her claim with the EEOC and PHRC on June 10, 1997. Therefore, the 300–day retroactive limitations period, which would ordinarily bar

---

6. However, summary judgment is granted as to count V due to the statute of limitations problem as discussed in section IV of this Memorandum.

claims for earlier events, began to run on August 14, 1996.

■■■■ "As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir.1994). "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Id.* at 1386. This occurs when a plaintiff " 'knows or reasonably should know that the discriminatory act has occurred.' " *Id.* (quoting *Ohemeng v. Delaware State College*, 643 F.Supp. 1575, 1580 (D.Del.1986)(internal citations omitted)).

■■■■ "The continuing violation theory allows a 'plaintiff [to] pursue a Title VII claim for discriminatory conduct that began prior to the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant.' " *Rush*, 113 F.3d at 481 (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir.1995)). To utilize this theory, a plaintiff must "show that at least one discriminatory act occurred within the 300–day period" and that "the harassment is 'more than the occurrence of isolated or sporadic acts of intentional discrimination.' " *Id.* (quoting *West*, 45 F.3d at 755 (internal citations omitted)). The Third Circuit follows the guidelines set out in *Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971 (5th Cir.1983) in determining whether to apply the continuing violation theory. *Id.* The court in *Berry* offered the following factors as relevant to determine whether there is a continuing violation:

> The first is the subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring ... or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert [his] or her rights, or which should indicate to the employee that

the continued existence of the adverse consequences of the act is to be expected without being dependent on the intent to discriminate?

*Rush*, 113 F.3d at 482 (quoting *Berry*, 715 F.2d at 981 (footnote omitted)).

■■■■ Further, since the time limitations applicable to employment discrimination cases such as this are not jurisdictional, they are subject to equitable tolling. *Oshiver*, 38 F.3d at 1387 (citations omitted). The Third Circuit "has instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

### A. Continuing Violation

■■■ Plaintiff argues that each separate position for which she was not hired is part of a continuing violation. Plaintiff attempts to analyze her claims in accordance with the three factors pronounced in *Berry*. Accordingly, Plaintiff argues that the subject matter of the discrimination is the same because all of her claims were "failure to employ" claims; that the acts of discrimination were frequent because ten occurred in a one and half year time span; and that "failure to employ is permanent."

Plaintiff's argument demonstrates a misunderstanding of the factors annunciated in *Berry*. In fact, each of the acts of discrimination as alleged in Plaintiff's complaint more closely resemble isolated employment decisions. *Berry*, 715 F.2d at 981; *see also Rush*, 113 F.3d at 483 (finding failure to promote claims were each discrete incidents not susceptible to continuing violation analysis). Further, when Plaintiff became aware that she was not hired for a particular position, "the act [had] the degree of permanence which should trigger an employee's awareness of and duty to assert [his] or her rights." *Berry*, 715 F.2d at 981.

We find that each count of Plaintiff's Complaint sets forth a separate and distinct employment decision, and therefore that they do not constitute a continuing violation.

## B. Equitable Estoppel

Plaintiff also argues that the Court should apply the doctrine of equitable estoppel to her case since she did not know she had been discriminated against until within the 300 day period and because, while both she and her husband, who is representing her in this action, are attorneys, "neither of them has ever practiced Labor Law nor has either of them ever been involved in an employment action and neither of them knew of the 300 day rule." (Pl.'s Resp. at 6–7).

Plaintiff does not present the Court with any facts that would demonstrate that the equitable estoppel doctrine should apply to her claims. Plaintiff has not, for example, alleged that Defendant "has actively misled the plaintiff respecting the plaintiff's cause of action;" or that she has "in some extraordinary way has been prevented from asserting her rights;" or that she "has timely asserted her rights mistakenly in the wrong forum." *Oshiver*, 38 F.3d at 1387. We will not apply the doctrine of equitable estoppel to Plaintiff's claims.

## C. Count I

■ Defendant argues that Plaintiff's cause of action for the teaching position in count I of the complaint accrued on April 17, 1996, when Defendant responded to Plaintiff's request to be considered for this position. *See* (Def.'s Mem. at Ex. F). However, the Defendant's letter does not inform Plaintiff that she did not receive the position. In fact, the letter indicates that the District has not yet decided whether there will even be a position.

As no evidence has been provided as to when Plaintiff actually learned that she had not selected for the position and as Plaintiff alleges that she learned of this discriminatory act within the 300 days, Defendant's motion for summary judgment based on the statute of limitations is denied as to count I.

## D. Count V

■ Defendant argues that Plaintiff was aware that she was not hired for the position described in count V of her complaint prior to August 14, 1996, and, therefore, the statute of limitations prevents her from bringing this claim. Defendant presents as evidence a letter dated August 12, 1996, wherein Plaintiff states that she knew someone else had been hired for the position.

Plaintiff responds that although she was aware that someone had been hired by the school prior to August 14, 1996, that her cause of action did not accrue until the school board officially appointed the person hired, which was after August 14, 1996. Plaintiff argues that until the official board appointment someone else could still have been hired.

We find that Plaintiff's cause of action accrued when she became aware that she was not hired for the position. This is the date on which Plaintiff was "aware, or should [have been] aware, of the existence of and source of an injury." *Oshiver*, 38 F.3d at 1386. Therefore, as there is clear evidence that Plaintiff knew of the decision not to hire her prior to August 14, 1996, we will grant summary judgment as to count V based on the statute of limitations.

## CONCLUSION

An appropriate Order follows.

## ORDER

AND NOW, this day of November, 1998, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's response thereto as well as the supplemental responses of the parties, and Defendant's Motion for Partial Summary Judgment based on the Statute of Limitations, it is hereby ORDERED, in accordance with the foregoing Memorandum, as follows:

1) Defendant's Motion for Summary Judgment on all counts is GRANTED as to counts II, III, IV, VII, VIII, IX, X, XI, and XII and DENIED as to counts I, V, and VI; and

2) Defendant's Motion for Partial Summary Judgment based on the Statute of Lim-

itations is GRANTED as to count V and DENIED as to count I.